# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **NEIL J. WAGER**, | : CIVIL ACTION NO. 1:06-CV-0544 |
| Plaintiff | : (Judge Conner) |
| v. | : |
| **EDWARD G. RENDELL**, *et al.*, | : |
| Defendants | : |

## MEMORANDUM

Plaintiff Neil J. Wager ("Wager") brings this civil rights action pursuant to 42 U.S.C. § 1983, alleging violations of his Fourteenth Amendment rights to substantive due process and equal protection. Presently before the court are: (1) the motion to dismiss (Doc. 15), filed by defendants York County Domestic Relation Section ("DRS"), Victoria A. Masek ("Masek"), and Dorothy Livaditis ("Livaditis"), and (2) the motion to dismiss (Doc. 28), filed by defendants Commonwealth of Pennsylvania ("Commonwealth") and Edward G. Rendell ("Rendell"). For the reasons that follow, the motions to dismiss will be granted.

## I. Statement of Facts[1]

The dispute in this case centers around Wager's attempts to obtain joint custody over his minor daughter. (Doc. 6 ¶ I-1.) In 2000, Wager and the child's

---

[1] In accordance with the standard of review for a motion to dismiss, the court will present the facts as alleged in the complaint and in the public records provided by defendants. See infra Part II. The statements contained herein reflect neither the findings of the trier of fact nor the opinion of the court as to the reasonableness of the parties' allegations.

mother, Melissa M. Miller ("Miller"), became involved in a custody proceeding in the York County Court of Common Pleas. (Doc. 15, Ex. C at 1.) Pursuant to a court order, Wager and Miller attended a pretrial custody conciliation conference on June 20, 2001. (Doc. 6 ¶ I-1.) The conference was conducted by Livaditis, who was appointed by the court. (Doc. 6 ¶ I-1; Doc. 15, Ex. A at 1.) Wager alleges that during the conference Livaditis "acted as if she was representing" Miller and "fabricated a reason" to deny Wager joint custody. (Doc. 6 ¶ I-1.) The parties did not reach an agreement during the conference. (Doc. 6 ¶ I-1; Doc. 15, Ex. A at 1.)

Accordingly, the York County Court of Common Pleas entered an interim order granting primary physical custody of the child to Miller pending trial. (Doc. 15, Ex. A at 5.) The order also granted Wager joint legal custody and partial physical custody over his daughter. (Doc. 15, Ex. A at 4-5.) Prior to the commencement of trial, Wager and Miller reached an agreement regarding their daughter's custody. (Doc. 15, Ex. B.) Accordingly, the York County court's interim order was adopted as its final order on September 13, 2001. (Doc. 15, Ex. B.)

Immediately thereafter, child support proceedings were commenced by DRS.[2] (Doc. 6 ¶ I-2; Doc. 15, Ex. C.) Wager alleges that during these proceedings, DRS denied him "the opportunity to provide [his] daughter medical insurance" in an effort to "artificially inflate [his] child support payments." (Doc. 6 ¶ I-3.) Wager further alleges that DRS: (1) never made Miller provide financial documents,

---

[2] At all times relevant to this lawsuit, Masek was the DRS director. (Doc. 15 ¶ 2.)

(2) allowed Miller "to willfully violate the child support order for years without penalty," and (3) allowed Miller to "falsify documents and make false statements without penalty." (Doc. 6 ¶ I-3.)

On March 15, 2006, Wager initiated the instant action, alleging that defendants violated his Fourteenth Amendment rights of equal protection and substantive due process by conducting his child custody and child support proceedings in a manner that was inherently gender-biased. (Doc. 1; Doc. 6 ¶¶ I-1, III-2.) Defendants argue that: (1) Wager's claims against the Commonwealth should be dismissed pursuant to Eleventh Amendment immunity, (2) Wager's claims against Livaditis, Masek, and DRS are barred by the statute of limitations, the Rooker-Feldman doctrine, and/or judicial immunity, and (3) Wager's claims against Rendell and Masek should be dismissed for lack of personal involvement in the alleged wrongdoing.[3] (Doc. 29 at 3-4; Doc. 16 at 2-5.) The motions have been fully briefed and are ripe for disposition.

## II.  **Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of claims that fail to assert a basis upon which relief can be granted. FED. R. CIV. P. 12(b)(6). In the context of a motion to dismiss under Rule 12(b)(6), the court must accept as true all of the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom. Langford v. City of Atlantic City, 235 F.3d 845, 847 (3d

---

[3] Wager concedes that Rendell was not personally involved in any of the alleged wrongs and that all claims against him should be dismissed. (Doc. 31 at 5.)

Cir. 2000) (citing Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)).  Although the court is generally limited in its review to the face of the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case."  Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice pleading rules do not require plaintiffs to allege affirmatively every aspect of their claims, but only to present sufficient facts to allow the opposing party to conduct discovery and prepare a defense.  See FED. R. CIV. P. 8(a) (stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"); see also Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  Thus, courts should not dismiss a complaint for failure to state a claim unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Id.; see Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002).  Under this liberal pleading policy, courts should generally grant plaintiffs leave to amend their claims before dismissing a complaint that is merely deficient.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).

**III.  Discussion**

Section 1983 of Title 42 of the United States Code offers private citizens a means to redress violations of federal law committed by state officials.  See 42 U.S.C. § 1983.  The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Id. Section 1983 is not a source of substantive rights, but merely a method for vindicating violations of other federal laws. Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To establish a claim under this section, the plaintiff must show a deprivation of a "right secured by the Constitution and the laws of the United States . . . by a person acting under color of state law."[4] Id. (quoting Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

In the action *sub judice*, Wager alleges that defendants violated his Fourteenth Amendment rights of equal protection and substantive due process by conducting his child custody and child support proceedings in a manner that was inherently gender-biased. Livaditis, Masek, and DRS argue that Wager's claims against them are barred by the statute of limitations. The Commonwealth argues that Wager's claims against it are barred by Eleventh Amendment immunity. The court will address these issues *seriatim*.

---

[4] Defendants apparently do not dispute that, during the alleged incidents, they were "acting under color of state law."

## A. Statute of Limitations

Claims brought under § 1983 are "subject to state statutes of limitations governing personal injury actions." Garvin v. City of Phila., 354 F.3d 215, 220 (3d Cir. 2000); see also Owens v. Okure, 488 U.S. 235, 249-50 (1989). In Pennsylvania, the statute of limitations for personal injury actions is two years. 42 PA. CONS. STAT. ANN. § 5524(7). In the action *sub judice*, Wager's sole complaint against Livaditis relates to her conduct during his conciliation conference on June 20, 2001. (Doc. 6 ¶ I-1.) Wager commenced this action more than four years later on March 15, 2006. (Doc. 1.) Accordingly, Wager's claims against Livaditis are barred by the applicable statute of limitations and must be dismissed.

Wager's complaints against DRS and Masek relate to his child support proceedings, which commenced shortly after the amicable resolution of his child custody case on September 13, 2001. (Doc. 6 ¶ I-3; Doc. 15, Ex. C.) Wager contends that, as to these claims, the statute of limitations should be tolled because he has endured continuous harm. (Doc. 18 at 10.) The court finds that the continuous harm theory does not apply here because Wager's claims arose from discrete child support determinations that were adequate to put him on notice of the alleged harm. See Jackson v. Chubb Corp., 45 F. App'x 163, 165 (3d Cir. 2002) (declining to apply the continuing violation theory because the plaintiff's claims arose from discrete employment actions); see also Barnes v. Am. Tobacco Co., 161 F.3d 127, 154

(3d Cir. 1998). Accordingly, Wager's claims against DRS and Masek[5] are also barred by the applicable statute of limitations and must be dismissed.[6]

     **B.**    **Eleventh Amendment Immunity from Suit**

The Eleventh Amendment precludes private litigation against the states and their respective agencies absent their consent.[7] Kimel v. Fla. Bd. of Regents, 528 U.S. 62, 73 (2000); Hans v. Louisiana, 134 U.S. 1, 15 (1890). By statute, Pennsylvania has specifically withheld its consent to suit. See 42 PA. CONS. STAT. ANN. § 8521(b) ("Nothing contained in this subchapter shall be construed to waive the immunity of the Commonwealth from suit in Federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States."). Accordingly, Wager's

---

[5] Even assuming *arguendo* that Wager's claims against Masek were not time barred, Wager failed to allege that Masek had any personal involvement in the alleged wrongdoing. See Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) ("A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior.").

[6] While the statute of limitations appears to bar Wager's claims against all defendants, the Commonwealth has not asserted the statute of limitations as a defense. (See Doc. 29.) However, the claims against the Commonwealth will be dismissed on other grounds. See infra Part III.B.

[7] The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. CONST. amend. XI.

7

claims against the Commonwealth are barred by Eleventh Amendment immunity and must be dismissed.

## IV.    <u>Conclusion</u>

The court is bound by bedrock legal principles to grant defendants' motions to dismiss  (Docs. 15, 28).

An appropriate order will issue.

 S/ Christopher C. Conner  
CHRISTOPHER C. CONNER  
United States District Judge

Dated:       December 18, 2006

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NEIL J. WAGER**, | : | **CIVIL ACTION NO. 1:06-CV-0544** |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **EDWARD G. RENDELL**, *et al.*, | : | |
| Defendants | : | |

## ORDER

AND NOW, this 18th day of December, 2006, upon consideration of the motions to dismiss (Docs. 15, 28), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The motion to dismiss (Doc. 15), filed by defendants York County Domestic Relation Section, Victoria A. Masek, and Dorothy Livaditis, is GRANTED.

2. The motion to dismiss (Doc. 28), filed by defendants Commonwealth of Pennsylvania and Edward G. Rendell, is GRANTED.

3. The complaint (Doc. 6) is DISMISSED.

4. The Clerk of Court is directed to CLOSE this case.

                                            S/ Christopher C. Conner
                                          CHRISTOPHER C. CONNER
                                          United States District Judge